## People of the State of Illinois, for use of State Board of Health, Appellant, v. Mrs. K. Hettiger, Appellee.

### Gen. No. 5,173.

1. VERDICTS—*when not disturbed.* Where two juries have found the same way, the Appellate Court is slow to set aside the last verdict as against the weight of the evidence.

2. MEDICINE AND SURGERY—*who not required to be licensed.* There is no law which requires a masseur to take out a license to practice that occupation.

3. MEDICINE AND SURGERY—*what not practicing medicine.* The mere giving of massage treatments professionally falls within the profession of a trained nurse and one who gives such treatments is not required to be licensed. People v. Gordon, 194 Ill. 571, followed.

4. LICENSES—*when nurse not required to be licensed.* A person who nurses the sick for hire and does not profess or pretend to be a registered nurse, is not required to be licensed.

5. COSTS—*when judgment for, should not be rendered.* It is erroneous to render a judgment for costs against the people where the prosecution is for the use of the State Board of Health.

Action of debt. Appeal from the Circuit Court of Ogle county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1909. Affirmed in part and reversed in part. Opinion filed October 19, 1909.

BAXTER & WIRICK, for appellant.

FRANC BACON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action of debt by the People for the use of the State Board of Health against Mrs. K. Hettiger, to recover a penalty for practicing medicine without a license, in violation of chapter 91 of the Revised Statutes of Illinois, entitled "Medicine and Surgery." The suit was originally begun before a justice of the peace in Ogle county and there tried before a jury, where there was a judgment for defendant. The case was appealed to the Circuit Court of that county, where on a trial before a jury a verdict was again returned for the defendant. A motion

for a new trial was overruled and judgment rendered on the verdict for the defendant and against the plaintiff for costs. The plaintiff appeals to this court.

No question is presented by counsel for appellant concerning the admission or rejection of evidence, but it is contended: first, that the judgment is against the weight of the evidence; second, that the court erred in rendering judgment against the defendant for costs; third, that there was error in the giving of two instructions given on behalf of defendant and in the refusal of two instructions requested on behalf of the People.

The question that appears to be relied upon mainly is that the verdict is against the weight of the evidence. Appellant offered in evidence two alleged advertisements appearing in local newspapers which, if authorized by appellee, tended to show that she was treating her customers for diseases. The publishers of these newspapers testified that these articles were neither written nor dictated by appellee, and appellee testified that she had no notice or knowledge that any advertisements of the kind offered were published until after the trial in the justice court, and that she never authorized either publication. It also appears from the testimony of the publishers that what was said at a conversation between them and appellee would not warrant the use of the language used in such advertisements. The publisher of one of the articles testified that after talking with appellee he wrote the article and mailed it to her and that it was brought back by her husband and then published. There was much in each of the publications that was commendatory of the giving of massage in which business appellee professed to be engaged. It is shown that parties who had rheumatism and other like troubles went to appellee and obtained massage. A boy named Reese was under the medical treatment of Dr. Bemis and he appears to have sent the boy to appellee for massage. A Mrs. Myers was under the treatment of Dr. McCosh for some disease; he told her that mas-

sage would be good for her and requested her to go and take massage.

Appellee does not appear to have treated any of the parties for disease, or to have diagnosed the difficulties of any of the parties to whom she gave treatment as being any disease, but only to have given them ordinary massage. It appears that for several years before the opening of her massage parlors in Oregon, appellee had been a professional nurse, but she does not claim to have been a registered nurse nor did she flex the limbs or manipulate any of the bones of her customers, but only gave them ordinary massage without reference to any disease, pain or trouble which they professed to have. She testified that she used an electric lamp, but says that it was only to warm the body and take the chill off the room. The evidence on behalf of appellee tended very strongly to show that all she did was simply to give massage treatment. Except for the two articles published in the newspapers there was no testimony upon which a verdict against appellee could have been sustained, and she denied that she had any notice of the publication of either of the two articles. It is a disputed question of fact to be settled by a verdict of the jury whether she was guilty of doing any act in violation of the statutes. Two juries have found in her favor, and the finding of the Circuit Court having been approved by the trial judge, we cannot say that the judgment is not sustained by the evidence.

The first instruction given on behalf of appellee of which complaint is made, states that the law of this state makes no provision for the granting of a license to practitioners of massage. Counsel do not cite the court to any law requiring a masseur to have a license, and we know of none, hence there was no error in the giving of the instruction. The second instruction given of which complaint is made states that the law of this state does not require a person to obtain a license before she can act as a nurse. While there is a statute making it unlawful for any person to

practice as a registered nurse without obtaining any license, the following section of the same statute declares that this act does not apply to any person nursing the sick for hire who does not profess or pretend to be a registered nurse. While there was evidence in the case that appellee was a nurse and had been for twenty years yet she made no pretense that she was a registered nurse. The instruction was unnecessary, because the appellee was not being prosecuted for violating the registered nurse act, yet we are of the opinion that the giving of it was not reversible error, as there was not sufficient proof to sustain a conviction under the Medicine and Surgery Act.

The first instruction asked by appellant which was refused told the jury that as a matter of law all rubbing of affected parts is practicing medicine, but our Supreme Court has said in the case of People v. Gordon, 194 Ill. 560, that the mere giving of massage treatment professionally falls within the profession of a trained nurse and is very different from osteopathic treatment. The other refused instruction of which complaint is made told the jury that if the defendant treated her patients by rubbing and manipulating the affected parts without a license so to do, that they should find her guilty. This instruction was entirely too broad. The evidence does not show that she pretended to treat patients for disease. Under that instruction a barber giving a shampoo could be found guilty of practicing medicine without a license. The jury were fully instructed upon the legal propositions in the case, and we find no reason why the Circuit Court should have granted a new trial.

Judgment for costs was rendered against the appellant. This was a suit in the name of the People for the use of the State Board of Health. It was a prosecution by the People instituted by one of the governmental agencies of the State. In that character of a case a judgment for costs should not have been rendered against either the People or the State

Board of Health. So much of the judgment as was rendered for costs against the People was erroneous. City of Monmouth v. Popel, 183 Ill. 634. That part of the judgment which is for costs is reversed; the remainder of the judgment is affirmed.

*Affirmed in part and reversed in part.*