People of the State of Illinois, Defendant in Error, v. Lee W. Reuter, Plaintiff in Error.

Gen. No. 42,557.

Opinion filed November 17, 1943.

JAMES J. BARBOUR, of Evanston, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and JOSEPH A. POPE, Assistant State's Attorneys, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a criminal proceeding for violation of section 24 of the Medical Practice Act, chapter 91, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 79.25], and on a verdict against him, defendant was sentenced to 30 days on each of the first three counts of the information, with a fine of $150 on the second count. The court announced that probation would be allowed on the sentences which were to be concurrent. Counts 4 and 5 were quashed on defendant's motion.

Using the name of Johnson, Charlotte Hermes, an investigator for the State Department of Registration and Education, went to defendant's office in Chicago July 7, 1937 and paid $2 for what she claims, and the State charges, was a diagnosis of, and a prescription and treatment for a human ailment in violation of the Act.

The first three counts charge that defendant without a license to do so, unlawfully "diagnosticated" the "ailment" of Mrs. Hermes as "sinus trouble and nerve strain called ligatites"; that he treated the "al-

leged sinus trouble etc." by "manipulating and applying pressure, etc.", and that he suggested and recommended for the "alleged sinus trouble, etc." the "manipulation, etc." Each such specific charge following a videlicet is preceded by a general charge in the language of the statute.

Defendant contends that the counts should have been quashed as insufficient because indefinite and uncertain in the language of the statute and, the first because "sinus trouble and nerve strain called ligatites" are not human ailments and "supposed" ailments were excluded by the specific charge following the videlicet, and because the term "diagnosticate" did not inform defendant of the nature of the charge; the second, because the treatment described amounted only to a massage, which is lawful, and "alleged sinus trouble, etc." refers to "ailment" in the first count which is not really an ailment; and the third because prescribing a simple massage, which is all that is described, is not a crime, and the charge is not aided by the treatment described since reference is again made to the "ailment" in Count 1.

It is not the actual treatment described which is charged as a crime, nor the reason for the treatment, but the practicing without a license.

We believe that the information using the language of the statute with sufficient particulars of the acts alleged to have been committed by defendant, clearly defines the offense so that it was readily understandable by the jury and intelligible to the defendant and therefore sufficient. *People v. Krause,* 291 Ill. 64. Obviously, a pleader cannot define each word in a statute so that it will be intelligible to every person, and we believe the term "diagnosticate" in charging a crime under the Act involved was sufficient and not a conclusion.

Defendant contends that there is a fatal variance between the information and proof because the charge is, in the first count, that defendant diagnosticated

Mrs. Hermes "ailment" and in the second count that he treated that ailment and in the third count that he prescribed for that ailment, while the proof shows and the State admits that she had no ailment. Mrs. Hermes testified that she had no headache when she saw defendant; had no sinus trouble or nerve strain, but that she pretended and the State admits this is so, but claims that the word "alleged" in the second and third counts is synonymous with "supposed" used in the general charges in the first and second count, and sufficiently wide to accommodate the proof made. The State was obliged to prove the elements of the offense beyond a reasonable doubt. Defendant says proof of a real ailment was essential. The Act in question was designed by the legislature to regulate the treatment of human ailments for the better protection of the public health. The means used for the design are regulations in the form of qualifications which must be met before those who seek to treat human ailments shall be licensed to do so. The punishments provided for violation of section 24 are the means provided to protect the public against those who would without license treat human ailments. In the light of the purpose of the Act, the important factor is not so much whether Mrs. Hermes was suffering from a human ailment, but whether defendant without a license did what section 24 prohibits. It is unreasonable to expect that in all cases, investigators employed to aid in enforcing the act, shall be suffering human ailments when making investigations. Defendant says, even if Mrs. Hermes had sinus trouble and nerve strain, no proof of the essential was made since they are not ailments and, accordingly, defendant should have been acquitted because there being no ailment, there could not be a diagnosis of nor prescription, nor treatment, for an ailment.

We believe the State's case does not fall because Mrs. Hermes had no ailment any more than it would if a *bona fide* patient believing she had an ailment, but

actually having none, were diagnosticated by the defendant. The question is not whether there is actually an ailment nor, for that matter, whether defendant believed a patient had an ailment, but whether he, in violation of section 24 of the Medical Practice Act, practiced in a field reserved to those licensed under the Act. Mrs. Hermes testified that she told defendant she had been suffering from headaches; that he told her that he had successfully treated headaches; that he could tell more from an examination and that he examined her, telling her there was congestion in the upper part of her neck and said he thought she had sinus trouble and nerve strain which caused the headaches. He says she asked for a massage and he gave it, informing her that there was congestion in her neck; that he made a notation of parts of her body he wanted to massage later and that he put the paper away until she should return for further treatment. He denies making a diagnosis or prescribing the treatment for sinus trouble or nerve strain. The jury saw these parties and it was Mrs. Hermes' word against defendant's and, by its verdict, the jury showed that it believed her. We believe it was unnecessary to prove that Mrs. Hermes actually had headaches or sinus trouble or nerve strain, or that he or she supposed she had. Assuming, as we must on this record, that defendant did what Mrs. Hermes claims, we infer that either he believed she had sinus trouble and nerve strain or did not, and told her she did and prescribed for and treated her accordingly. We think in either event he committed a crime under the Act.

Defendant cites *Thompson v. State,* 228 Ala. 231, 153 So. 470, where defendant was convicted of violating a law prohibiting the treatment of "diseases of human being . . . by any system of treatment.", upon evidence showing that he massaged two persons, one of whom had a pain in her shoulder and the other in her neck. The court said defendant had not treated

the patients for disease and had not diagnosed the pain as diseases nor treated them as such. The court relied strongly on an Oregon case which held that backache was not a disease and pain only a symptom of disorder, which in turn, might not be a disease and that many leading courts defining "disease" as used in a criminal statute, decided it should mean more than mere temporary pain or disorder. There is nothing in this opinion inconsistent with the holdings in those cases.

Because we hold that the crime was in doing what defendant here did, even though Mrs. Hermes had no ailment, it is not necessary for us to consider arguments or testimony defining headache, sinus trouble or nerve strain. Technical definition of the term "ailment" and "disease" are not essential to a determination of this case. No good would be served by trying to draw a line between some human illnesses and others in a consideration of this question. Suffice to say, that the terms as defined in Webster's New International Dictionary, permit of what we think is this reasonable construction of section 24. It is plain that the legislature intended that no person without a license should enter upon the field of diagnosing, prescribing or treating for illnesses of human beings. It is not the illness but the unlawful act of the practitioner which constitutes the crime. The cases of *People v. DeYoung*, 378 Ill. 256 and *People v. Hettiger*, 150 Ill. App. 448 are not applicable, and we are not concerned with the questions whether massages are unlawful in themselves, nor of the definition of naprapathy.

Defendant complains of the introduction of evidence that the term "naprapath" followed his name on his office window. The fourth count containing a charge that defendant unlawfully used the abbreviations "D. N." was quashed. The evidence, therefore, was inadmissible, but since a receipt given Mrs. Hermes

had the same abbreviation and defendant admits it indicates a naprapath, he was not prejudiced; and while we think that the trial court erred in permitting the State's Attorney to question the defendant about his use of the title "doctor" and the abbreviation referred to, we think there was no harm.

State's instruction 1, set forth Section 24 in full, including crimes not charged here and those charged in counts which were quashed. The objectionable clauses could have been eliminated and should have been, but we think the jury knew, what precise charges defendant was tried upon and were not confused by the instruction.

State's instruction 2, told the jury that the terms, "massage," "naprapath," etc., were not involved in the case and that the name applied to the treatment was immaterial and that proof of real ailment was unnecessary. We think that the instruction was proper and helped clear confusion rather than confuse.

State's instruction 3, told the jury that the term medicine included the art of healing and the science of preserving health and treating disease for cure, whether medical substances were used or not. This instruction, while not careful, tended to help the jury understand that the conduct prohibited by the Act was not required to be that of practitioners who used drugs, medicine or surgery. There was no error in refusing to instruct the jury that a massage treatment was not illegal, unless "incidental to and a definite part of the operators engaging on his own account in the treatment of a human ailment." The instruction is neither clear nor accurate. What we have said hereinbefore indicates that the court properly refused to instruct the jury that defendant must have actually supposed Mrs. Hermes had an ailment and must have diagnosed a supposed real ailment and the court properly refused to give defendant's instruction No. 2,

which was misleading upon the question of what constitutes a diagnosis and defendant's instruction No. 3 defining "diagnosticate" in giving defendant's view of a diagnosis. Defendant's instructions No. 4, 5 and 7 were improper under our view of the essential points discussed hereinabove. Instruction No. 6 was properly refused as misleading on the question of what constituted a prohibited treatment. Instruction No. 8 is inaccurate. Instruction No. 9 is misleading. Instruction No. 10 on the question of entrapment was properly refused because defendant's intention was not an element of the crime. Instruction No. 11 was covered by State's instructions 5 and 6, and No. 12 is wholly inaccurate. No. 13 is improper because it singles out Mrs. Hermes on the question of interest of witnesses.

Defendant cited cases to support his contention that the court committed error in altering two of defendant's instructions by deleting words with pen and ink. There is no such rule and the parts deleted were objectionable.

It is our opinion that the information was sufficient; that whatever error occurred at the trial did not prejudice defendant; there was no prejudicial error in the instructions; there is no reason for setting aside the jury's verdict; and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

BURKE, J., concurs.

HEBEL, P. J., took no part.