EVANS, Respondent v. HOYME, Appellant

(105 N.W.2d 71)

(File No. 9815. Opinion filed September 27, 1960)

**Henry C. Mundt,** Sioux Falls, for Defendant and Appellant.

**John H. Zimmer,** Parker, for Plaintiff and Respondent.

RENTTO, J.  This proceeding was brought to enjoin the defendant, Ellis Hoyme, a reflexologist residing in Big Stone City, from holding himself out as qualified to engage in the diagnosis and treatment of human ills and from engaging in or offering to engage in their treatment. The trial court granted the injunction and he appeals from the judgment.

Hoyme had lived in Big Stone City about two and a half years before the trial of this matter. During that time he had treated some 350 to 400 people administering close to 10,000 treatments in all. Briefly stated, the practice of reflexology as disclosed by the record, is based on the theory that the human body has defined nerve zones and that the nerves from these zones have their endings in designated areas of the feet. Those who follow this practice claim that an ailment involving one of the nerve zones can be relieved by rubbing that area of the feet where the nerve endings from the affected zone are concentrated. These are known as reflex areas. It is their claim that the treatment improves the circulation of the blood to the ailing zone by destroying congestive deposits of calcium which have formed in its reflex areas.

The statute on which this proceeding is based came into our law as Section 2, Ch. 130, Laws of 1953, now SDC 1960 Supp. 27.0318 and in its prohibitive features says that:

> "No person shall in any manner engage in, offer to engage in, or hold himself out as qualified to engage in the diagnosis or treatment of any human ill, unless such person is the holder of a legal and unrevoked license or certificate issued under the laws of South Dakota authorizing such person to practice the healing art covered by such license and is practicing thereunder in the manner and subject to the limitations provided by the laws of the state of South Dakota for the issuance of such license or certificate for the practice thereunder."

By Ch. 121, Laws of 1957, now SDC 1960 Supp. 27.0321, the legislature provided that any person violating the above provisions may be enjoined from further violations in a suit brought by the state's attorney or any citizen of the state. This it could properly do. 43 C.J.S. Injunctions § 124. While plaintiff is the secretary-treasurer of the Basic Science Board of the state he brings this suit as a citizen.

In applying this statute we must honor these definitions which the legislature has provided in the act in question:

> " 'Human ill' shall include any human disease, ailment, deformity, injury or unhealthy or abnormal physical or mental condition of any nature;
>
> " 'Diagnosis' shall include the use professionally of any means for the discovery, recognition or determination of character of any human ill;
>
> " 'Treatment' shall include the use of drugs, surgery, including appliances, manual or mechanical means, or any other means of any nature whatsoever, for the cure, relief, palliation, adjustment or correction of any human ill as defined herein;" SDC 1960 Supp 27.0317.

Apparently these were written into the act because cases in this field which had been decided without the aid of such legislative definitions took differing and sometimes conflicting positions as to the meaning of these terms.

Concerning the activities of Hoyme the trial court found as follows:

"IV

"For some 2 (two) years last past, the defendant has maintained an office on Main Street in Big Stone City, South Dakota. This office apparently consisted of one room divided by a curtain across it. The front part was a waiting room, and behind the curtain was a reclining chair for the customers and a stool for the defendant. There was no signs in or about the office.

"V

"There is no proof that the defendant diagnosed any physical or mental ailment for any person; it appears to the Court that the usual and customary procedure (I am adopting the witness Delbert Peterson's evidence substantially) was to ask the patient what troubled the particular customer, and from such customer's own report or opinion, the defendant learned what ailment the person claimed to have. After learning what the customer thought ailed him, the defendant usually said: 'I might be able to help you, I have helped others.' The customer was then led to the back of the office—behind the curtain.

"VI

"In the 'treatment room' behind the curtain, the customer was not required to disrobe, EXCEPT being directed to remove his shoes and socks, and lie in the reclining chair. The defendant then sat facing the customer's feet and within reach of them.

## "VII

"The defendant did not touch any part of the customer's body above the ankle bones. The treatment consisted wholly of kneading and massaging the human foot with the hands, mainly the forefinger bent; with the avowed purpose of increasing the circulation of the blood in specific areas of the customer's body.

## "VIII

"The customers of the defendant were, in no manner mislead, it was patently apparent to each that the defendant limited his treatment to kneading and massaging the customer's feet below the ankle bones. There is no proof what-so-ever that defendant ever performed any adjustment by hand of the articulations of the human spine; or attempted to do so. There is no proof what-so-ever that the defendant claimed to know of any mechanical disarrangement of the tissue of the body of any customer, nor that he treated the ailment by manipulation of the various parts of the human body, or attempted to do so. There is no proof what-so-ever that the defendant claimed to be a physician or surgeon or publicly professed to assume the duties of a physician or surgeon, nor that he prescribed, or prescribed and furnished medicine for any human ailment, or treated any human ailment by surgery, or attempted to do either of such things.

## "IX

"The witnesses for the plaintiff actually had no human ailment when they sought treatment by the defendant; but in the course of performing an official duty falsely represented to the defendant that they did have such an ailment. The other witnesses had their ailments diagnosed by some physician prior to going to see the defendant. There is no evidence that defendant ever made a charge,

in the sense of asking for a fee; however, he did accept the $2.00 usually tendered to him after a treatment.

"There is no evidence that the defendant ever used the word 'doctor' or any abbreviation thereof, in descibing himself or his activities. There is no evidence of the use by the defendant of any newspaper, pamphlets, circulors, or other forms of advertising himself."

From his argument we gather that he does not seriously quarrel with these findings.

On this factual basis the court concluded "That the defendant, Ellis Hoyme, has held himself out as qualified to engage in the diagnosis and treatment of human ills and did engage in and offer to engage in the treatment of human ills without being the holder of a legal and unrevoked license or certificate issued under the laws of South Dakota to practice any healing art what-so-ever" and that he should be enjoined from further violations of the act. One of Hoyme's complaints on this appeal is to the effect that the evidence and the findings do not justify the conclusion above quoted.

There is no provision in our law for the certification or licensing of reflexologists. To qualify as such Hoyme studied a few books, pamphlets and charts concerning it and on a few occasions observed others practice it. Since it is not claimed that Hoyme was authorized to practice any of the healing arts our concern is with the rest of the conclusion. These are that (1) he did engage in and offered to engage in the treatment of human ills and (2) he held himself out as qualified to engage in the diagnosis and treatment of human ills.

■■ The ailments of which the witnesses complained to Hoyme included an injured shoulder, stomach trouble, foot trouble, nervousness, heart trouble, kidney stones and arthritis. Clearly, these are included in the term human ills as used in this act. The fact that some of these witnesses actually had no ailment is of no moment. People v. Reuter,

320 Ill.App. 600, 51 N.E.2d 812. The statute involved concerns the acts of the practitioner—not the illness of the patient. We think it follows that in administering to these people as the court found he did, he was engaged in the treatment of human ills within the meaning and purpose of this statute.

■ The court also concluded that Hoyme held himself out as qualified to engage in the diagnosis and treatment of human ills. The statute is silent as to what constitutes a holding out except it does say that "Whenever any person appends to his name the word 'Doctor' or any contraction thereof, any other word, abbreviation or designation indicating that he is qualified to make diagnosis or treatment as herein defined, such shall constitute prima facie evidence that such person is holding himself out as qualified to engage in such diagnosis or treatment." Consistent with this we think one holds himself out as qualified to engage in the diagnosis or treatment of human ills if by advertising or a course of conduct he represents himself as being able to do these things.

Many states condemn the holding out only if it is to the public but our statute prohibits to it even a single individual.

It may be either direct or implied. People v. Zinke, 169 Misc. 573, 7 N.Y.S.2d 941; State v. Wheaton, 130 Conn. 544, 36 A.2d 118; People on Complaint of Burke v. Steinberg, 190 Misc. 413, 73 N.Y.S.2d 475. From the fact that he treated these people it may be implied that he held himself out as qualified to treat human ills. In addition, after being advised of their ailments he told them that he had helped others with similar ills and that he might be able to help them. These facts when viewed against the background of the other findings are sufficient to warrant the court's conclusion of a holding out as qualified to engage in the treatment of human ills.

■ However, we think the court erred in also concluding that he held himself out as qualified to engage in the diagnosis of human ills. There is no finding from which this conclusion could be drawn, nor is there evidence to support such a finding. In fact, the court specifically found he

had done no diagnosing. Since the statute is in the disjunctive and prohibits an unlicensed person from holding himself out as qualified to engage in the diagnosis or treatment of human ills the defendant is not prejudiced by this error. The statute is violated by a holding out as qualified to engage in either diagnosis or treatment. Since he was not authorized to practice any of the healing arts and had violated the act in some particulars, the court under the 1957 amendment thereto, was authorized to enjoin him from all further violations.

■ Hoyme's remaining contention is that the treatments which he administered were massage and that as a masseur he was exempt from the provisions of the statute. See annotation 17 A.L.R.2d 1183. In support of this claim he cites a portion of our Basic Science Law, SDC 1960 Supp. 27.0402. By virtue of that section "hydrotherapists or those giving baths, Swedish movements and exercises, or physical culture treatments" are qualifiedly exempt from the provisions of that law. He asserts that that his type of treament is embodied in the term "Swedish movements". While it is to be seriously doubted that it is, or that it is the practice of massage as that term is generally known, we prefer to dispose of this contention on more basic grounds.

In this jurisdiction, so far as the state law is concerned, there are no provisions for licensing those who practice Swedish movements. The section on which he relies merely exempts them from the provisions of the Basic Science Law which requires that "No examining Board for any branch or system of healing shall admit to its examinations or register or license" (SDC 1960 Supp. 27.0403) an applicant unless he has a certificate of eligibility issued by the Basic Science Board. Manifestly this does not purport to provide any immunity to anyone from the prohibitions of the act under which this proceeding is brought.

The statute we are here considering by its terms prohibits all persons from doing the things therein proscribed except those certified or licensed under the laws of this state to practice the healing arts when acting within the limits of their authority. In addition, section 3 of the original act,

now SDC 1960 Supp. 27.0319, designates certain other classes of persons to whom the act does not apply. Since those who practice Swedish movements are not licensed or certified under the laws of this state to practice a healing art, and they are not one of the classes designated in the act as exempt from its provisions, we must hold that this contention is without merit. One engaged in that activity may not under the guise thereof do any of the things prohibited by this act.

The power of the legislature to promulgate this enactment is not in issue. However, he does complain that the law is unwise and unduly restrictive. Since the wisdom of this enactment is not our concern those complaints should be directed to the legislature.

Affirmed.

All the Judges concur.