NICOLAUS et ux., Respondents v. DEMING et ux., Appellants

(139 N.W.2d 875)

(File No. 10235. Opinion filed January 31, 1966)

**Dennis R. Padrnos,** Mitchell, argued the cause for defendants and appellants.

**William D. Wernke,** Gregory, argued the cause for plaintiffs and respondents.

BIEGELMEIER, J.

 This is an appeal from a judgment of specific performance requiring conveyance of land from defendants to plaintiffs pursuant to an instrument entitled "Option to Purchase Real Property". At the trial defendants claimed they signed the Option by mistake believing it was merely some type of instrument to enable plaintiffs to acquire a loan. The main issue raised on the appeal is the insufficiency of the evidence to support the trial court's findings of fact and conclusions of law contrary to those contentions. It is well settled that the credibility of witnesses and weight of evidence is for the trial court and that a reviewing court accepts that version of the evidence, including the inferences that can be fairly drawn therefrom, which is favorable to the trial court's action. Consequently, an appellate court is not free to disturb findings unless they are contrary to the clear preponderance of the evidence.

 In quite some detail the trial judge stated in his memorandum opinion, and later in the findings of fact found, there was no misrepresentation, unfair practice or fraud worked upon the defendant John C. Deming, the husband, who owned the land and conducted all of the transactions; that he was not mistaken as to what he was signing, but understood the contract fully; that his own testimony supported the fact he had publicly stated he wanted to sell the land involved; that his actions and testimony as a witness indicated that he was a man of a great

deal of business experience, and, though over 80 years old, his mind was very alert and his memory exceptionally good. There was no serious claim the land was worth more than the sale price, and it appears defendant had been negotiating a sale to another person at the same price for which the land was sold; that defendant John C. Deming had the abstracts continued to date at considerable expense and delivered them to plaintiffs and his reasons for refusing to complete the contract were he later learned he would not receive certain future soil bank payments and desired the payments of the sale price be made in a different manner. The trial judge had the opportunity of seeing and hearing the witnesses and after reading the complete record, we conclude the evidence supports the findings

■ Another assignment raises the propriety of the court permitting an amendment of the plaintiffs' complaint at the trial to include the description of 80 acres of land in addition to that set forth in the option contract. The evidence was undisputed that this 80 acres was part of a 421 acre Nebraska ranch operated as a unit which, incidentally, joined plaintiffs' South Dakota land; that the land described in the contract was 80 acres short of the "421.40 acres" specifically agreed to be sold, and defendant testified he was not interested in selling anything but the whole tract. The omission was not discovered until the time of the trial. Allowing the amendment was within the trial court's discretion.

Defendants contend it was error to revise the contract and to include this added 80 acres in the judgment in an action for specific performance. SDC 1960 Supp. 37.0604 permits this by stating, "A contract may be revised and specifically enforced in one proceeding or in separate proceedings." The admissibility of evidence of defendants' grandson who testified for plaintiffs was not erroneous. No question is raised here that this action is specific performance of a contract to convey Nebraska real estate.

Finding no error the judgment is affirmed.

All the Judges concur.