John **NELSON**, President of the South Dakota Board of Chiropractic Examiners, Plaintiff and Appellant,

v.

Donald **PALMQUIST**, Defendant and Appellee.

No. 14570.

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1984.

Decided Feb. 27, 1985.

Charles L. Dorothy, Sioux Falls, for plaintiff and appellant.

David R. Gienapp of Arneson, Issenhuth & Gienapp, Madison, for defendant and appellee.

MOSES, Circuit Judge.

Plaintiff John Nelson, president of the South Dakota Board of Chiropractic Examiners, appeals the dismissal of a complaint seeking to enjoin defendant Donald Palmquist from the practice of chiropractic without a license and from the practice of healing art without a license. We reverse.

A patient hired by Nelson went to see Palmquist at his farm at Canova, South Dakota, for a treatment on October 18, 1982. The patient told Palmquist that she had fallen and hit her head and that her doctor had x-rays taken and suggested that she go to a surgeon. Palmquist examined the x-rays through a window and indicated that he did not see any problems except for some calcium deposits.

Palmquist had the patient sit on a small stool and started working on the bones along her spine from the waist to the neck. During the treatment, Palmquist indicated that the patient's hip bones were not even and that he would straighten them by applying pressure to them. Palmquist indicated that he felt that he could fix the patient's condition himself rather than having her seek surgery. Palmquist charged $10.00 for the treatment at that time.

Later, another person identifying herself as the patient's mother contacted Palmquist about the patient's condition. Palmquist told the mother that he had to fix the patient's neck because it was out and that he "had to shove the cartilage along into the vertebraes and line everything up." Palmquist told the mother that he examined the x-rays and felt that there were no bones touching and no trouble. Palmquist also told the mother that the patient would not have any more headaches. Palmquist told the mother that he felt that there was no need for surgery.

This proceeding is based upon SDCL 36–2–2, which says that:

> No person shall in any manner engage in, offer to engage in, or hold himself out as qualified to engage in the diagnosis or treatment of any human ill, unless such person is the holder of a legal and unrevoked license or certificate issued under the laws of South Dakota authorizing such person to practice the healing art covered by such license and is practicing thereunder in the manner and subject to the limitations provided by the laws of the state of South Dakota for the issuance of such license or certificate for the practice thereunder.

Any person violating the above provisions may be enjoined from further violations at the suit of the state's attorney, a citizen of the state, or the board of examiners. SDCL 36–2–12.

In applying SDCL 36–2–2, the following definitions must be honored:

> "Healing art," "healing," "art of healing," "practicing healing," "practicing of healing," any system, treatment, operation, diagnosis, prescription, or practice for the ascertainment, cure, relief, palliation, adjustment, or correction of any human disease, ailment, deformity, injury, unhealthy or abnormal physical or mental condition, SDCL 36–2–1(6);
>
> "Human ill," any human disease, ailment, deformity, injury or unhealthy or abnormal physical or mental condition of any nature, SDCL 36–2–1(2);
>
> "Diagnosis," the use professionally of any means for the discovery, recognition

or determination of character of any human ill, SDCL 36–2–1(3);

"Treatment," the use of drugs, surgery, including appliances, manual or mechanical means, or any other means of any nature whatsoever, for the cure, relief, palliation, adjustment or correction of any human ill is defined herein, SDCL 36–2–1(4).

After a hearing on the matter, the trial court found that Palmquist practiced massage therapy in his home. The trial court concluded that the evidence submitted by Nelson did not establish that Palmquist practiced chiropractic without a license under SDCL ch. 36–5, nor did it establish that Palmquist practiced a healing art without a license under SDCL ch. 36–2. The Board of Chiropractic Examiners alleges that the evidence justifies a finding that Palmquist was practicing the healing arts and he was practicing as a chiropractor.

■ Our standard of review is to uphold the trial court unless its findings are clearly erroneous, i.e., ' "when after reviewing all of the evidence we are left with a definite and firm conviction that a mistake was made." ' *Vaughn v. Eggleston,* 334 N.W.2d 870, 872 (S.D.1983), quoting *Matter of Estate of Nelson,* 330 N.W.2d 151, 155 (S.D.1983). In applying this standard, our function is not to decide factual issues de novo. We must give due regard to the opportunity that the trial court has to judge the credibility of the witnesses and to weigh their testimony and accept the evidence, including any reasonable inferences which are favorable to the trial court's determination. *Isaak v. Isaak,* 278 N.W.2d 445 (S.D.1979). It is well settled that the credibility of witnesses and weight of evidence is for the trial court. *Nicolaus v. Deming,* 81 S.D. 626, 139 N.W.2d 875 (1966). *See Matter of Estate of Williams,* 348 N.W.2d 471 (S.D.1984).

Palmquist was licensed under the massage and massage establishments provision of SDCL ch. 36–10A. The legislature, however, repealed the licensing of the massage establishments pursuant to 1978 S.D.Sess. Laws, ch. 4, § 2(2).

■ The patient was hired by Nelson and did not have any injuries. The x-rays were of another patient who had a broken neck. The fact that the patient actually had no ailment is of no moment. *Evans v. Hoyme,* 78 S.D. 509, 105 N.W.2d 71 (1960). The statute involved concerns the acts of the practitioner and not the patient. In administering to this person, he was engaged in the treatment and diagnosis of human ills within the meaning and purpose of the statute.

■ SDCL ch. 36–2 prohibits all persons from engaging in, offering to engage in, or holding himself out as qualified to engage in, the diagnosis and treatment of human ills unless properly licensed or specifically exempted by statute. Consistent with this, one holds himself to engage in the diagnosis and treatment of human ills if by any course of conduct he represents himself as being able to do those things. From the fact that Palmquist treated this patient it may be implied that he held himself out as qualified to treat human ills. While many states condemn the holding out only if it is to the public, our statute prohibits it to even a single individual. *Evans v. Hoyme, supra.*

■ We have carefully reviewed the record in this matter. Palmquist examined the x-rays and indicated that he saw nothing in the record except some calcium deposits; the patient indicated that she had hit her head and fallen; Palmquist indicated that he would fix her neck because it was out; the patient received a manipulation of the spine from Palmquist; the patient's mother received a prognosis from Palmquist that the patient would have no need for surgery; and Palmquist indicated that he had to shove the cartilage along into the vertebraes and line everything up. This evidence indicates to us that these activities are within those proscribed by SDCL ch. 36–1 and ch. 36–2.

We conclude, after reviewing all of the evidence, that the court was clearly erroneous in its findings that Nelson did not

establish that Palmquist practiced a healing art without a license under SDCL ch. 36–2.

As to the issue of whether Palmquist practiced chiropractic without a license, SDCL 36–5–2 provides that any person who shall practice or attempt to practice chiropractic without first having secured a license from the Board of Chiropractic Examiners and secured an annual certificate of registration from the South Dakota Chiropractors Association is guilty of a Class 1 misdemeanor. SDCL 36–5–2.1 provides that the Board of Chiropractic Examiners is empowered to commence actions for injunctions for violations of this chapter or regulations promulgated by the South Dakota Chiropractors Association. SDCL 36–5–1 defines chiropractic to be the science of locating and removing the cause of any abnormal transmission of nerve energy including diagnostic and externally applied mechanical measures incident thereto.

■ The acts which Palmquist used in diagnosing and treating the patient herein are within the scope of practice defined in SDCL 36–5–1. The "shov[ing] [of] the cartilage along into the vertebraes and line everything up," comes within the definition of SDCL 36–5–1. Manipulation or adjustment of the spine by Palmquist also comes within the scope of practice by SDCL 36–5–1. The evidence shows that Palmquist was engaged or attempted to engage in the practice of chiropractic.

We conclude, after reviewing all of the evidence, that the trial court was clearly erroneous in its finding that Nelson did not establish that Palmquist practiced chiropractic without a license under SDCL ch. 36–5.

We reverse and remand for entry of an injunction in accordance with this decision.

FOSHEIM, C.J., and WOLLMAN, MORGAN and HENDERSON, JJ., concur.

MOSES, Circuit Judge, sitting for WUEST, Acting Justice, disqualified.