LINES, Respondent, v. LINES, Appellant

(9 N. W.2d 705.)

(File No. 8589. Opinion filed May 27, 1943.)

**Louis H. Smith,** of Sioux Falls, for Appellant.
**Caldwell & Burns,** of Sioux Falls, for Respondent.

POLLEY, J. On the 19th day of January, 1939, a decree was entered in the circuit court in Minnehaha County granting to Gladys A. Lines, as plaintiff, an absolute divorce from defendant, Grant N. Lines. A property settlement agreement was entered into by plaintiff and defendant before the divorce was granted and when the decree was entered the terms of the property settlement were confirmed in the decree. The decree also awarded plaintiff the custody of their fourteen year old daughter.

At the time of granting the decree the defendant had steady employment for which he was receiving $225 per month, and it was agreed by said parties, and made a part of the decree, that so long as his salary remained at $225 per month, he would pay the respondent $110 per month

for her maintenance and the maintenance and education of their said daughter. In anticipation of a reduction in defendant's salary to $200 per month, it was agreed that in case of such reduction, plaintiff's allowance should be reduced to $97.50 per month. Shortly thereafter, defendant's salary was reduced to $200 per month and on the 3rd day of October, 1939, an order was issued by the court reducing plaintiff's allowance to $97.50.

On the 21st day of July, 1940, defendant remarried and assumed the burden of supporting his second wife in addition to what he was required to contribute to the support of plaintiff and the said daughter. Defendant's salary was not sufficient to support both families and the result was that he ran behind in his payments to plaintiff and he made an application to the court to change the amount of the monthly payment made to the plaintiff. Pursuant to this application the court entered an order, on August 12, 1942, in which the sum allowed plaintiff was reduced from $97.50 to $80 per month to be paid in semi-monthly payments of $40 each; and the further sum of $80 in two equal instalments that were due about July 21, 1942, and August 6, 1942.

From this order defendant appeals to this court. But one alleged error is assigned by the appellant, which reads as follows: "The Court erred in making and entering its order of August 12, 1942, for the reason that it does not grant to defendant the relief to which he is entitled under the laws of the State of South Dakota and is against law and equity; the defendant made all the payments required by the Decree entered herein until the child of the parties became of age on July 9, 1942. That said order is against the evidence because said child now is of age and has an income of her own. That the plaintiff is employed and has an income of $70.00 per month and that to require defendant to pay to plaintiff Eighty Dollars per month will give her a greater net income than that of defendant. That the income of defendant is not sufficient upon which he can live and make such payments."

It is within the jurisdiction of the court to grant the relief asked for by defendant, but it is contended by respondent that to entitle appellant to a change in the amount of the alimony to be paid by appellant he must show that the court abused its discretion in fixing the amount allowed by the order appealed from; or that there has been such a change in the circumstances of one or both of the parties as to constitute a different state of facts than those already adjudicated upon. This question was considered by this court in Vert v. Vert, 3 S. D. 619, 54 N. W. 655, and the rule then laid down has been followed by this court from that time down to date. Greenleaf v. Greenleaf, 6 S. D. 348, 61 N. W. 42; Shoop v. Shoop, 58 S. D. 593, 237 N. W. 904; Wenzel v. Wenzel, 67 S. D. 537, 295 N. W. 493.

It is the contention of respondent that under the rule announced in the Vert Case there is not sufficient difference shown in the circumstances of the parties concerned to warrant a reduction in the allowance of alimony since the entry of the order of October 3, 1939. We cannot agree with this contention. Plaintiff, for the purpose of showing she was entitled to a liberal allowance for the support and maintenance of herself and minor daughter, introduced in evidence the written statement of Dr. R. G. Stevens, of Sioux Falls, which reads as follows:

"I first examined Mrs. Gladys Lines, 1109 West 13th Str., Sioux Falls, South Dakota, November 22nd, 1938. At that time she was suffering from a severe nervous exhaustion with what I felt was a chronic inflammatory condition of the pelvis plus a marked mastitis in both breasts. She was also suffering with much tenderness and distress in her lower abdomen. Along with her nervous exhaustion she lost her appetite and consequently lost much weight. She was tired and exhausted all the time.

"I have seen Mrs. Lines many times since that time and have given her treatments with some improvement but not marked. It is my opinion that she is not able to work, at least continuously and it would be much better for her condition if she was not required to work at all."

This statement is dated September 22, 1939, and covers the entire period from November 22, 1938, to September 22, 1939. During the period of time between September 22, 1939, and the making of the order appealed from, which is August 12, 1942, a change—a very marked change, we think, took place in plaintiff's condition both as to health and financially. Dr. Stevens's statement shows that on and for some time prior to the 22nd day of November, 1938, plaintiff's health was in such condition that she was unable to do any work or in any way help to support herself or the said daughter; but at the time of the making of the order of August 12, 1942, she had recovered her health sufficiently so that she was able to work and had employment for which she was being paid $70 per month, and the daughter had reached the age of majority and was no longer a legal charge on either plaintiff or defendant. These facts ought to be taken into consideration in fixing the amount of alimony defendant is required to pay to plaintiff.

At the time of making the order from which the appeal is taken defendant was in arrears some $275 in his payments to plaintiff. This amount should be divided into monthly payments of such an amount as the defendant can probably pay as they become due.

We believe that under all the circumstances of the case that $80 per month is an excessive amount to require defendant to pay to plaintiff and should be reduced in amount.

The case is remanded to the trial court with directions to change the order appealed from to make it conform to the suggestions of the foregoing opinion.

ROBERTS, P.J., and WARREN and SMITH, JJ., concur.

RUDOLPH, J. (dissenting). I am unable to determine that the trial court abused the discretion with which it is vested in cases of this character, when it fixed the monthly payment at $80.