GUINTER, Respondent, v. GUINTER, Appellant

(37 N. W.2d 452.)

(File No. 9027. Opinion filed May 9, 1949.)

**Lacey & Perry** of Sioux Falls, for Appellant.

**Bailey, Voorhees, Woods & Fuller** of Sioux Falls, for Respondent.

SMITH, P. J. The question for decision is whether the trial court abused its discretion in refusing to modify the permanent allowance provided for the wife in a decree of divorce.

The parties were married in July 1933 and were divorced in 1943 because of the fault of the husband. No children resulted from the marriage. While they had not succeeded in accumulating much during their marriage, the husband had advanced to the rank of captain in the United States Army, and they had thus achieved security, and were able to maintain a comfortable home and a car on the $316 he then received each month from the government. Pursuant to a stipulation of the parties the decree required the husband to pay the wife $100 per month during her life, and to assure his performance by making an allotment from his pay.

In May 1948, upon the grounds that the circumstances of the parties had so changed as to reduce the amount necessary for the support of the wife and to increase the economic burdens of the husband, the husband sought an order discontinuing the wife's allowance. After hearing, the trial court denied the application and the husband has prosecuted this appeal.

The record reveals intervening changes in the circumstances of the parties as follows:

The husband has remarried and is not only supporting a second wife but is contributing an unrevealed amount to the support of her daughter. He has advanced to the rank of a major and his pay to $420.50 per month. In addition he is furnished government quarters for himself and family. If he is transferred to a post where such quarters are not available, he will be entitled to a monthly allowance for quarters of $105 from the government. It is estimated that in twelve years he will be entitled to retirement on a basis of at least $178.75 per month.

The husband testifies: "* * * that the cost of living for your affiant and his family has increased greatly during the past several years, and that at the present time your affiant is encountering great difficulty in living on his net income after the payment of alimony."

The wife has not remarried. She has been regularly employed for several years. Whether she had been so employed during the period or separation which preceded the decree is not clear from the record. Her pay scale was increased from $130 per month to $155 in November 1947. Her affidavit states "that she is working simply because she is compelled to and is working with difficulty in view of the present state of her health. She is suffering from an arthritic condition in her spine * * *. She is working despite these handicaps because she is obliged to support her parents as her father's health has become such that he is no longer able to work so that a large part of her earnings are consumed in the support of her parents * * *."

In addition to some small savings plaintiff has acquired title to a home in Sioux Falls which was purchased in 1945 for $6700 by her parents. Her showing states "the property was conveyed to deponent to avoid probate expense upon the death of her parents because of their advanced age, * * *." She further states "that her parents do have some small savings but if it were not for the support which deponent gives them such savings would be quickly consumed

because of the inability of her father to work." She and her parents live in the described home.

▆▆▆ These facts must be considered in the light of settled principles. In Tuttle v. Tuttle, 26 S. D. 545, 128 N. W. 695, 697, it was said: "Permanent alimony is that provision which the law makes for the support of the wife, or of her who was the wife, out of the estate of the husband after separation, in lieu of his common-law obligation to support her as his wife, if they should have continued living together. She was entitled to and had his support out of all he possessed, including earnings. When he has broken up that relation, so that she can no longer partake jointly with him of such support, the law sets apart to her enough of his estate, including earnings, to make an equivalent of what she is denied by his fault. Less than that would be to put a premium upon the husband's abandonment of his wife." In Vert v. Vert, 3 S. D. 619, 54 N. W. 655, in writing for the court Mr. Justice Kellam used the following much quoted words: "To justify the court in modifying its former judgment, it should undoubtedly be satisfied that it is passing upon a different state of facts than those already adjudicated upon; but what degree of change is essential to constitute a different state of facts must in general be addressed to the judicial discretion and judgment of the trial court, the inquiry being whether sufficient cause has intervened since its former judgment to authorize or require the court applying equitable rules and principles to change the allowance." Separately considered, remarriage of the husband is not a sufficient ground for a modification of an allowance to the first wife. 27 C. J. S., Divorce, § 239, page 995. It is a fact the court may consider in determining "not only the question of how much a woman so circumstanced ought to have, but also the question of how much a man so circumstanced ought to pay." Vert v. Vert, supra; Lines v. Lines, 69 S. D. 299, 9 N. W.2d 705. The character of change required to impel an order of modification is clearly stated by the Wisconsin court in Palica v. Palica, 114 Wis. 236, 90 N. W. 165, 166, as follows: Payment of alimony "cannot be avoided merely because it is burdensome. There must be a showing

either that further payments are not necessary, or of such an inability to pay as reasonably to excuse performance."

█ In determining whether such a degree of change has been shown as requires a modification of the allowance to the former wife, her present needs must be re-examined in relation to the husband's present ability to pay.

In the instant case, the showing of the husband amounts to no more than that he is finding the allowance burdensome. He has failed to establish an inability to make the required monthly payment. Obviously then, if he is entitled to relief, it is because her situation has so improved as to make it unreasonable for him to carry so heavy a burden. We examine her situation.

The transfer by her father and mother of the family home to the wife but gave her a present title to her inheritance. Morally, at least, she will be bound to consider the property as held in trust so long as either the father or mother lives. Because it is not shown to reduce her present need for support, we think it should be dismissed from consideration.

The change in her situation which requires consideration arises from the monthly income received from her employment. As we have indicated, it is not clear whether she was employed at the time the stipulation was made, and the degree entered. We think it fair to assume her ability to earn was then known and taken into consideraotin. Obviously, she could not live as she had been accustomed during the years of her married life on a monthly income of $100. Nevertheless, for our present purposes, we assume that she is receiving a greater income from her efforts than the parties or the court anticipated at the time the decree was entered. We also assume that the trial court believed her when she stated that she was working in spite of handicaps of health because of her responsibilities to her parents. It is with these assumptions that we consider whether her increased income renders the former husband's burden inequitable or unreasonable.

Looking at the circumstances of the husband, and the health of the former wife, it seems clear to us that if the

first wife were not exerting herself to earn this additional income, the husband could not reasonably demand that she put forth that effort to lessen his burdens and to render the life of the second wife more pleasant. If the husband's hardships were extreme and through change of circumstance he had lost the ability to carry the load of the support of his former wife and his present family, he might be in position to claim the help of both women in weathering the storm. But this is not such a case. His load is only burdensome. If he cannot demand that his former wife exert herself to relieve him of the duty to support her, we think he cannot reasonably or equitably complain because, in spite of ill health, she responds to the needs of her aged parents.

In our opinion the record does not reveal an abuse of discretion by the trial court.

The order of the trial court is affirmed.

All the Judges concur.