BRISTOW, Respondent v. WESTERN SURETY COMPANY, Appellant

(78 N.W.2d 734)

(File No. 9579. Opinion filed October 8, 1956)

Rehearing denied November 21, 1956

**Kirby, Simons, McDonnell & Kirby, Blaine Simons,** Sioux Falls, **Harold P. Gilchrist,** Kadoka, for Defendant and Appellant.

**M. Q. Sharpe, John W. Larson,** Kennebec, **John Coupland,** Valentine, Neb., for Plaintiff and Respondent.

RENTTO, J. This is an action on a bond executed by the defendant company as surety. Mike Slater, principal in the bond, had entered into a contract with the plaintiff to build him a residence. The Farmers Home Administration, an agency of the United States Department of Agriculture, loaned the plaintiff money for this purpose. On the premise that the contractor, the principal in the bond, did not perform or fulfill all the agreements of his contract, plaintiff brought this action to recover from the surety. The jury returned a verdict for plaintiff. From the judgment entered thereon the surety appeals.

The decisive question presented by the errors assigned is whether one who bases his cause of action on a written instrument which does not express the agreement as he claims it to be, may recover thereon without seeking reformation of the writing to reflect the claimed agreement.

The contract entered into by the plaintiff and the contractor provided that:

"The Contractor will furnish a corporate surety

> bond, in a penal sum equal to the amount of the contract price, conditioned upon the performance by the Contractor of all the provisions of this contract and upon the prompt payment by the Contractor to all persons supplying labor and materials in the prosecution of the work provided for in this contract. The form of such bond and the surety company furnishing it will be subject to the approval of the Representative."

The Representative referred to is an official designated by the Farmers Home Administration. In an effort to comply with this provision the contractor applied to the defendant for a bond.

The application signed by the contractor contained the following inquiry: "Amount of Bond: Performance $———— Payment $———— Maintenance $————". This was answered by inserting in the blank after the word performance the figures 13,700. The remaining blanks in the question were left unfilled. The application also stated that the bond applied for was to be given to the Farmers Home Administration. It indicated that the contract concerned the building of a residence, but nowhere does it disclose that it is being built for the plaintiff or that he is a party to the contract.

On this application defendant issued the bond on which this suit is based. It is denominated a performance bond. It states that the principal and surety "are held and firmly bound unto the United States of America, hereinafter called the Government". In describing the obligation it recites: "that whereas the principal entered into a certain contract, hereto attached, with the Government, dated ———— 19————, for Building Residence for Farmers Home Administration". The obligation of the principal is to "perform and fulfill all the undertakings, covenants, terms, conditions, and agreements of said contract". No contract is attached to the bond.

This bond is a performance bond conditioned on the performance of a contract between Mike Slater and the Government, with the United States of America as obligee. It concerns a contract that does not exist. He never entered into a contract with the Government for the building of a

residence for the Farmers Home Administration. Rather, his contract was with the plaintiff and it required him to construct a residence for the plaintiff. This is the contract with which the contemplated bond was to be concerned. The bond stipulated in this contract was to be a payment and performance bond with the plaintiff as obligee. Manifestly the bond sued on expresses an undertaking that is different than the undertaking of the bond called for by the contract.

By its answer defendant admitted that it furnished the bond above described and as one of its defenses urged "That the plaintiff is not a proper party plaintiff under the terms of said bond and has no cause of action thereunder. That the sole cause of action, if any, rests in the United States of America, the Obligee." It argues that the bond furnished is the performance bond required of a contractor who constructs, alters, or repairs any public building or public works for the United States. 40 U.S.C.A. § 270a. This section makes provision for separate performance and payment bonds in such situations. The form of the performance bond is prescribed by 41 U.S.C.A. Appendix, §§ 54.1 and 54.15. The bond in question is a printed copy of the performance bond form prescribed for use in connection with contracts awarded pursuant to 40 U.S.C.A. § 270a, including the number and approval thereof.

██ Plaintiff recognized that the bond as furnished was not in the terms required by the contract he had signed with the builder. However, he did not seek reformation of it. On the trial, over the objection of the defendant, he was allowed to introduce oral and written evidence to support his claim that the bond sued on was intended and understood by all parties to be the bond required by the contract. Clearly the effect of this evidence would be to reform the bond that was issued. One of defendant's objections was that it was an attempt by the plaintiff to reform the bond without anything in plaintiff's pleadings with respect to reforming it. Defendant urged that its defense was predicated on the bond as written and that plaintiff's attempt to reform the bond came as a surprise. The court in its instruction 6, which was excepted to, told the jury that the bond in question was procured pursuant to the quoted provision of the contract

and for the purposes therein stated. We think that in admitting the questioned evidence and giving instruction 6, the court erred to the defendant's prejudice.

In Castle v. Gleason, 31 S.D. 590, 141 N.W. 516, this court said:

> "While evidence dehors a written instrument may often be admissible to explain ambiguities therein or to aid defective descriptions, yet such evidence is inadmissible where its effect would be to reform such instrument, except where information is proper and has been sought.

> "It is certainly fundamental that where one seeks to recover in a cause of action based upon a written instrument, he must rely upon the writing as it was executed, or else must seek a reformation thereof; therefore, in the action before us, plaintiff was bound to recover, if at all, upon the chattel mortgage as executed and filed, or else procure a reformation thereof and prove that defendant had knowledge or notice of the error in the instrument."

This was approved in Ulvilden v. Sorken, 58 S.D. 466, 237 N.W. 565. More recently this court in Clark v. Bergen, 75 S.D. 48, 59 N.W.2d 250, 252, said:

> "The writing controls and furnishes the requisite evidence of what was intended unless a court of equity on invocation of its powers finds that the minds of the contracting parties did not meet upon the matters expressed in the writing and that the actual contract was other and different than therein expressed. * * * The party seeking reformation must prove his case by clear, unequivocal and convincing evidence."

■ Even under our present liberalized rules the purpose of pleading is to frame the issues upon which a case is to be tried and to advise the adversary of what he is called upon to meet. The holding herein is consistent with that rule. It should also be noted that SDC 37.0601 provides that a contract "may be revised on the application of a party aggrieved".

Judgment reversed.

All the Judges concur.