**Diane A. (Olson) SMITH, Plaintiff and Appellee,**

v.

**David L. OLSON, Defendant and Appellant.**

No. 12921.

Supreme Court of South Dakota.

Considered on Brief of Appellant May 27, 1980.

Decided Sept. 17, 1980.

Diane A. (Olson) Smith, pro se.

George S. Mickelson of McCann, Martin & Mickelson, P. C., Brookings, for defendant and appellant.

PER CURIAM.

Defendant appeals from an order modifying the child support provisions of the divorce decree. We affirm.

Defendant David Olson and plaintiff Diane A. (Olson) Smith were divorced January 18, 1977. Under the terms of the divorce decree, plaintiff was given custody of the four minor children and defendant was required to pay $300 per month for support of those children.

On August 14, 1979, plaintiff filed an affidavit and application for an order to show cause why the terms of the divorce decree should not be modified to provide for an increase in child support. After a hearing, the trial court entered findings of fact and conclusions of law and increased defendant's child support obligation by $100 per month to a total of $400 per month. Defendant contends that plaintiff failed to show a sufficient change in circumstances to justify the increase.

A trial court has continuing jurisdiction to review and modify child support payments when there is a change in conditions or circumstances. SDCL 25–4–45; *Matthews v. Matthews*, 71 S.D. 115, 22 N.W.2d 27 (1946). This Court will not disturb an award of child support unless it appears that the trial court abused its discretion in entering its judgment. *Wipf v. Wipf*, 273 N.W.2d 124 (S.D. 1978); see *Guinter v. Guinter*, 72 S.D. 554, 37 N.W.2d 452 (1949); *Polley v. Polley*, 367 Mich. 455, 116 N.W.2d 924 (1962).

In the case at bar, the trial court found that there was a change in circumstances. The court found that plaintiff's cost of living had increased and that defendant's earnings had also increased.

We conclude that there was sufficient evidence to show a change of circumstances to warrant an increase in the amount defendant is to pay for child support. It cannot be said that the trial court abused its discretion. We have reviewed defendant's remaining arguments and conclude that they are without merit. The order is affirmed.

FOSHEIM, J., deeming himself disqualified, did not participate.