Arthur J. BARRETT, Plaintiff
and Appellant,

v.

Mary L. BARRETT, Defendant
and Appellee.

No. 13251.

Supreme Court of South Dakota.

Considered on Briefs May 21, 1981.

Decided July 29, 1981.

William G. Porter of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for plaintiff and appellant.

Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellee.

MORGAN, Justice.

This appeal arose from a divorce decree and its subsequent amendment concerning child support. Ann Marie Barrett left the legal custody of her father, Arthur Barrett (appellant), to live with Mary Barrett (appellee), her mother on May 17, 1979. Appellee initiated contempt proceedings for, inter alia, appellant's failure to pay support for Ann Marie. At an in-chambers hearing on August 3, 1979, the trial court delayed judgment until interviews with Ann Marie were completed. When the action was heard in April 1980, appellee also asked for increased child support payments for Ann Marie and the children in her custody. After the hearing, the trial court modified the divorce decree on July 22, 1980. The court: (1) granted appellee custody of Ann Marie, and appellant custody of his son, Jeff; (2) awarded back child support from August 1979 until May 13, 1980, for Ann Marie at $200 per month; and (3) ordered increased child support of $300 per month for Ann Marie commencing in June 1980, and commencing in July 1980 for the two other children in appellee's custody. We affirm.

In the original divorce decree appellee received custody of all six of the parties' children. Support payments were set at $200 per month per child until majority. When the child reached majority, the payments ceased. Subsequently, the decree was amended. Appellant received custody of four children and appellee retained custody of two children with support payments adjusted accordingly.

After this adjustment, several of the children engaged in musical chairs, moving back and forth between their parents' homes until the time of the trial court's order when three children, including Ann Marie, lived with appellee and three children with appellant. Although no court sanctioned the changes, sometimes the parties agreed to the changes. During these changes, appellant unilaterally stopped support payments for any child residing with him in spite of appellee's legal custody of the child. When Ann Marie left appellant's custody, however, he objected and refused to increase support payments because he had legal custody of Ann Marie. Consequently, appellee did not receive support payments for Ann Marie while she was residing with appellee.

In August 1979, appellant's health had deteriorated to the extent that he was unable to practice medicine full-time. He also eliminated his obstetrical practice and reduced his surgical practice. Because of these changes, appellant requested and, apparently, obtained a moratorium on his support obligations. Despite his decreased income, appellant had liquidated much of the debt which had existed at the time of the original divorce decree. Since the debt was incurred to purchase real estate, its elimination combined with the properties' appreciated value increased appellant's net worth substantially. Although appellee had obtained employment and a subsequent raise since the original decree, the work was part-time and the income minimized by inflation. Based on these facts, the trial court found that circumstances had changed sufficiently to amend the divorce decree.

The finding of changed circumstances is not challenged on appeal, since both parties agree that circumstances changed. The parties do not agree, however, on how the change should affect support payments. The issues before us are: (1) Whether the evidence sustains the trial court's award of increased child support; (2) whether the record sufficiently supports the award of back child support from August 1, 1979, until May 13, 1980; and (3) whether appellee is entitled to reasonable attorney fees for this appeal.

"This Court will not disturb an award of child support unless it appears that the trial court abused its discretion in entering its judgment." *Smith v. Olson*, 296 N.W.2d 549, 550 (S.D.1980). The amount of child support depends on the reasonable expenditures suitable to the children's circumstances at the time of divorce and the payor's financial means and ability to pay. *Wallahan v. Wallahan*, 284 N.W.2d 21, 27 (S.D.1979). In *Smith*, this court upheld greater child support because the cost

of living had risen and the payor's income had increased. In *Fakouri v. Perkins*, 322 So.2d 401, 402 (La.App.1975), a decree was not modified where the change involved only increased costs of living. Here, the cost of living rose and appellant's net worth grew. Appellee, however, obtained part-time employment and a raise.

Both appellee and appellant are responsible for supporting their children. SDCL 25–7–7; *Haskell v. Haskell*, 279 N.W.2d 903, 906 (S.D.1979). In setting support obligations, appellee's increased employment income is a factor. See *Dougherty v. Dougherty*, 76 S.D. 318, 77 N.W.2d 845, 847 (S.D.1956). The trial court found that to supply the children's needs an additional $200 per child per month was required. But, after assessing the parties' relative worth and income, it made appellant responsible for only $100 of this needed increase. Appellant's child support payments increased from $200 to $300 per month per child. The trial court did not abuse its discretion by increasing appellant's child support obligations.

Now we examine whether the trial court's grant of retroactive child support payments was an abuse of discretion. The retroactive payments were for a portion of the time that Ann Marie lived with appellee; from August 1979, the date scheduled for the hearing continued for further investigation by the trial court, until May 13, 1980. Payments for Ann Marie were set at $200 per month for this period.

This court does not approve of personal modifications to divorce decrees absent court amendment or a binding agreement. *See Hanks v. Hanks*, 296 N.W.2d 523, 525 (S.D.1980). Yet, a trial court may retroactively modify child sup-

port payments based on the payor's financial situation, *State ex rel. Larsgaard v. Larsgaard*, 298 N.W.2d 381, 384 (S.D.1980); *Dougherty v. Dougherty*, 77 N.W.2d at 848, and the children's welfare. Cf. *Hanks v. Hanks*, 296 N.W.2d at 525 (cases cited therein). Here, the modification is retroactive only to the first scheduled hearing where the court became aware of the situation. That hearing was delayed for reasons beyond the parties' control. Moreover, appellee had initiated the hearing for support, so, was not a volunteer within SDCL 25–7–11.* Since the trial court awarded custody to appellee, if the hearing had taken place in August as scheduled, appellant would have been obligated for support during the delay. The trial court did not err in granting back child support from August 1979 to May 13, 1980.

Finally, appellee seeks attorney fees for this appeal as warranted and necessary. SDCL 15–17–7. This award depends on the parties' relative worth, income, liquidity, and whether either party unreasonably increased the time spent on the case. *Senger v. Senger*, 308 N.W.2d 395 (S.D. 1981); *Holforty v. Holforty*, 272 N.W.2d 810, 812 (S.D.1978); *Johnson v. Johnson*, 300 N.W.2d 865, 870 (S.D.1980). Based on the parties' relative worth and income, we award appellee $200 in attorney fees.

The order of the trial court is affirmed.

All the Justices concur.

---

* "A parent is not bound to compensate the other parent or a relative for the voluntary support of his child without an agreement for compensation, nor to compensate a stranger for the support of a child who has abandoned the parent without a just cause." SDCL 25–7–11.