**Sherwin G. GROSS, Plaintiff and Appellee,**

v.

**Edwin E. GROSS, Defendant and Appellant.**

**No. 14233.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 20, 1984.

Decided Sept. 12, 1984.

David M. Axtmann, Highmore, for plaintiff and appellee.

Scott N. Heidepriem of Heidepriem & Widmayer, Miller, for defendant and appellant.

MORGAN, Justice.

This appeal arises from a modification of the child support provisions of a divorce decree. The original divorce decree, entered on January 30, 1974, in Hand County, South Dakota, gave Sherwin Gross (mother) custody of Ervin James Gross (child) and required Edwin Gross (father) to pay child support. On March 16, 1983, the same trial court modified its original divorce decree. Father's child support payments were increased from $100.00 per month to $250.00 per month and a provision for the child's health care was added. The modified order made mother responsible for the first $250.00 of the child's medical bills in any calendar year plus twenty percent of the child's medical bills in excess of $250.00 per year. Father was ordered to pay the remaining eighty percent in excess of the first $250.00 per year. The trial court also directed mother to sign a written agreement that allowed father to declare the child as a dependent on his income tax returns for years after 1983. Mother was awarded $300.00 for attorney fees incurred in bringing the action for modification. Father appeals only the increase in his child

support payments and the award of attorney fees. We affirm.

Mother applied for modification of the divorce decree on September 9, 1982. She claimed that circumstances had changed substantially since the date of the original decree, and specifically alleged (1) the loss of her fingers and legs,* (2) the fact that her employment would terminate at the end of the summer, (3) the child's need for ordinary and extraordinary medical, dental, optometric and orthodontic care as a result of the child's advancing age and new medical developments, and (4) her move to the Tacoma, Washington metropolitan area and the inflated cost of living there. Mother also alleged that the child support paid under the divorce decree order was totally inadequate to properly care for the child and that father's financial condition enabled him to pay additional child support without undue hardship.

The trial court that heard the application for modification of child support found that since the time of the divorce decree circumstances had changed substantially. The trial court specifically pointed to (1) the advancing age of the child, (2) the change in his medical condition, (3) the change in mother's medical condition, (4) a change in mother's ability to support herself through employment as a result of her medical condition, (5) the increased cost of living since the time of the divorce, and (6) the change in father's financial condition since the time of the divorce. In his memorandum decision, incorporated by reference into the Findings of Fact and Conclusions of Law dated February 21, 1983, the trial court noted that it had reviewed the parties' financial status at the time of their divorce and at the time of the modification hearing, including their incomes, social security benefits, net worths, occupations and abilities to earn.

Father appealed from the trial court's modification of the original child support order and raised the following issues: (1) whether the trial court abused its discretion when it based the modification on changed circumstances which were not pleaded, i.e., father's financial condition and mother's health and ability to work, (2) whether the trial court abused its discretion when it failed to consider mother's increased income as a changed circumstance, (3) whether the trial court abused its discretion when it found the child's increasing age and unincurred medical expenses to be changed circumstances, (4) whether the trial court abused its discretion when it found mother's health and ability to work to be changed circumstances, (5) whether the trial court abused its discretion when it found the increased cost of living to be a changed circumstance, and (6) whether the trial court abused its discretion when it awarded mother attorney fees.

Trial courts have continuing jurisdiction to review and modify child support payments when there is a change in conditions or circumstances. SDCL 25-4-45; *Herndon v. Herndon,* 305 N.W.2d 917 (S.D.1981); *Smith v. Olson,* 296 N.W.2d 549 (S.D.1980). This court does not sit as the trier of facts and will not disturb a child support award unless it appears that the trial court abused its discretion in entering its judgment. *Barrett v. Barrett,* 308 N.W.2d 884 (S.D.1981); *Herndon, supra.* Only a "clear" abuse of discretion warrants reversal. *Rykhus v. Rykhus,* 319 N.W.2d 167 (S.D.1982). The term "abuse of discretion" refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence. *Rykhus, supra.* The amount of child support depends upon the reasonable needs of the child, i.e., the reasonable expenditures suitable to the child's circumstances at the time of the divorce and the payor's financial situation, i.e., ability to pay. *Barrett, supra; Wallahan v. Wallahan,* 284 N.W.2d 21 (S.D.1979). In her application for modification, mother pleaded two changes in the child's circumstances, either of which might warrant an increase in child support payments. She alleged that the child needed medical, dental, optometric,

---

* A condition that existed at the time of the original divorce decree.

and orthodontic care as a result of his advancing age and that she could not provide it. She also alleged that she had moved from Hand County, South Dakota to Tacoma, Washington, and that due to the pressures of inflation and the increased cost of living in the Tacoma area the child support payments originally ordered were inadequate and did not provide for the child's care. Mother also pleaded that father's present financial condition and net worth enabled him to pay additional child support without undue hardship.

The purpose of pleadings is to establish the issues to be tried and to advise the opposing party of the allegations and evidence that must be met. *Bristow v. Western Surety Co.*, 76 S.D. 362, 78 N.W.2d 734 (1956). There are two crucial factors that must be examined in considering petitions for modification of child support orders: (1) whether circumstances surrounding the child's care have changed since the immediately previous order to the extent that the child's reasonable needs are not being met, and (2) whether the payor's financial situation has changed to allow for payment of additional child support. *Barrett supra; Peshek v. Peshek*, 297 N.W.2d 323 (S.D.1980); *Wallahan, supra.* The pleadings in this case provided clear notice that at trial mother would attempt to show that present conditions warranted an increase in child support if the child's needs were to be met and that father's net worth enabled him to make increased payments without hardship. Father was also put on notice that his net worth would be at issue by mother's discovery request for information regarding his financial condition.

Father questions whether the trial court abused its discretion when it considered mother's changed medical condition in light of prior cases in which this court has held that only the child's needs may be considered, *Blare v. Blare*, 302 N.W.2d 787 (S.D.1981), and in light of mother's failure to plead her changed condition. In *Herndon, supra*, this court indicated that the changed medical condition of a divorced parent would support the modifi-

cation of a child support order. *See, Hanson v. Hanson*, 252 N.W.2d 907 (S.D.1977). In this case the wife's ability to contribute to the child's support depends upon her medical condition. *See Hanson, supra.* The trial court was right in its consideration of this factor. Mother's responses to father's discovery inquiries regarding her earnings, employment, and disability benefits should have put him on notice that her medical condition, relative to her ability to provide the child's reasonable needs, would be at issue at the modification hearing. This court noted in *Barrett, supra*, that both parents are responsible for supporting their children, SDCL 25–7–7; *Haskell v. Haskell*, 279 N.W.2d 903 (S.D.1979), and the payee's increased employment income must be considered. *Haskell, supra; see Dougherty v. Dougherty*, 76 S.D. 318, 77 N.W.2d 845 (1956). This court will not consider the needs of the custodial parent or changed circumstances relating to that parent that do not relate to the child's needs. A parent's health and needs may be considered only if and when they affect the ability to contribute toward meeting the child's needs. *Blare, supra.* In this case, the trial court modified the child support payments at least partially based upon a change in mother's medical condition and a change in her ability to support herself as a result of that change. Each of these changes is set out in the trial court's findings of fact, which may not be disturbed unless found to be clearly erroneous. In *Blare*, this court increased child support payments when the custodial parent's medical condition prevented her from meeting the child's needs. Although there was no finding and little evidence in this case that the child's needs were not being met, his increasing age was a legitimate consideration in the trial court's decision to increase child support payments. *Jameson v. Jameson*, 90 S.D. 179, 239 N.W.2d 5 (S.D. 1976).

The party applying for modification has the burden of proving a change in circumstances sufficient to warrant modification. *Rousseau v. Gesinger,* 330

N.W.2d 522 (S.D.1983). Father argues that his financial position has not changed since the divorce decree and child support order were issued in 1974. He points out that inflation has increased his cost of living in South Dakota as much as it has mother's cost of living in Washington. In addition, he asserts that poor harvests and a poor farm economy have actually decreased his income and forced him to reduce his farm/ranch operation since 1974. The trial court specifically found that father's financial condition had changed since the original child support order. A trial court may take judicial notice of the probate pending in its files under which the father will inherit a substantial amount of money and of the records of his brother's death by which he acquired a substantial amount of land by right of survivorship. A divorce decree may be modified when a change of circumstances affecting one or both parties can be shown or judicially noticed. *Jameson, supra.*

In *Smith v. Olson, supra,* this court upheld an increase in child support payments based on a rise in the cost of living and the payor's increased income. The trial court in the case before us considered the fact that the mother's total income had increased from $7,005.60 in 1974, the year of the divorce, to $18,192.00 per year at the time she applied for modification of the child support payments and reviewed the father's income, as evidenced by his tax returns, at the same two relevant times. This court may judicially notice that between the date of the divorce decree and the date the mother applied for a modification of the decree, inflation struck the nation and the cost of living increased dramatically. *Blare, supra.* The combination of the trial court's finding that father's improved financial situation enabled him to increase the child support payments, its finding that the mother's changed medical condition rendered her unable to provide the child's reasonable needs, and this court's judicial notice of the increased cost of living justifies modification of child support even in the absence of a specific finding that the child's needs are not being met by the present support payments combined with the custodial parent's income. The credibility of witnesses, the weight accorded their testimony, and the weight of evidence must be determined by the trial court and we accord the trial court some deference based on their observation of the witnesses and the evidence. *Nicolaus v. Deming,* 81 S.D. 626, 139 N.W.2d 875 (1966). *See Matter of S.L.,* 349 N.W.2d 428 (S.D.1984).

Allowance of attorney fees in a divorce action rests with the sound discretion of the trial court and will not be disturbed on appeal unless that discretion has been abused. SDCL 15–17–7; *Jameson, supra.* The award depends on the parties' relative worth, income, liquidity, and whether either party unreasonably increased the time spent on the case. *Barrett, supra; Senger v. Senger,* 308 N.W.2d 395 (S.D.1981). The trial court reviewed these factors and was in the best position to determine the net worth and liquidity of the parties. There was no abuse of discretion in its award of attorney fees to the mother. In her brief, mother applied for attorney fees on this appeal. We award mother $300.00 for her attorney fees and costs on this appeal.

We affirm.

All the Justices concur.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.