1997 SD 133

**In the MATTER OF the Revocation of the Suspended Sentence of Bobby Wayne BROWN.**

No. 19843.

Supreme Court of South Dakota.

Considered on Briefs May 1, 1997.

Decided Dec. 10, 1997.

David O. Carter, Special Assistant Attorney General, Sioux Falls, for appellant South Dakota Board of Pardons and Paroles.

Steven G. Haugaard, Sioux Falls, for appellee Bobby Wayne Brown.

LOVRIEN, Circuit Judge.

[¶ 1.] The Board of Pardons and Paroles, (Board), appeals from a circuit court order reversing its decision to revoke the suspended portion of a sentence. We reverse the circuit court's decision and direct that it be remanded to the Board for further proceedings.

## FACTS

[¶ 2.] Bobby Wayne Brown, (Brown), was found guilty of having sexual contact with a child under sixteen years of age. He was sentenced to ten years in the South Dakota State Penitentiary, with four years suspended on certain conditions. One of those conditions required that Brown "participate in all sex offender programs." Brown entered the penitentiary in March 1992. He apparently participated in various classes and programs which, in part, make up the sex offender program at the penitentiary. Brown tried to gain admission to the S.T.O.P.[1] program for sex offenders but could not because he claimed he could not remember the sexual contact due to alcohol consumption at the time of the offense.

[¶ 3.] On September 15, 1995, a violation report was filed recommending revocation of the suspended portion of Brown's sentence for failure to participate in the S.T.O.P. program. At the preliminary hearing on September 20th, the hearing examiner determined that there were reasonable grounds to believe Brown may have violated a condition of his suspended sentence. The hearing examiner recommended a final hearing before the Board.

[¶ 4.] In October 1995, Brown was admitted to the S.T.O.P. program. Apparently the program's admission criteria changed and Brown was no longer denied entry into the program based on his claimed inability to remember his offense.

[¶ 5.] The Board heard evidence and considered Brown's case on November 17, 1995. During the Board hearing, Brown's attorney argued that Brown did all he could possibly do to bring himself into compliance with the conditions of the suspended sentence. He also argued that there was no basis for revoking the suspended portion of Brown's sentence because Brown had been admitted to the S.T.O.P. program and had already participated one hour per week for approximately one month. According to Brown's attorney, Brown was thus in compliance with the terms of the suspended sentence at the time of the hearing.

[¶ 6.] Unfortunately for Brown, the Board did not agree. It entered findings of fact and conclusions of law and an order revoking the suspended portion of Brown's sentence. Brown then appealed to the circuit court, which reversed the decision of the Board. The circuit court concluded that because Brown was participating in the S.T.O.P. program at the time of the Board hearing, the Board abused its discretion in revoking Brown's suspended sentence.

## STANDARD OF REVIEW

[¶ 7.] The Board is under the direction and supervision of the Department of Corrections. SDCL 24-13-3. As a result, the Board is generally governed by the Administrative Procedures Act. SDCL 1-26-1 et seq. Our standard of review is:

> The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> \*      \*      \*      \*      \*      \*
>
> 5) clearly erroneous in light of the entire evidence in the record; or

---

**1.** S.T.O.P. is the acronym for Specialized Treatment of Perpetrators and is the only sex offender program available through the Department of Corrections. This group therapy program lasts ten months and involves four steps: assessment, psycho-education, nine months of primary treatment, and aftercare.

6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

SDCL 1–26–36. As we have said:

> We will overrule an agency's finding of fact only when they are clearly erroneous. The question is not whether there is substantial evidence contrary to the agency finding, but whether there is substantial evidence to support the agency finding. In other words, even if there is evidence in the record which tends to contradict the Department's factual determination, so long as there is some substantial evidence in the record which supports the Department's determination, this court will affirm. Great weight is given to the findings made and inferences drawn by an agency on questions of fact. Conclusions of law are given no deference and are fully reviewable. When reviewing evidence presented by deposition, we do not apply the clearly erroneous standard but review that testimony as though presented here for the first time.

*Kurtenbach v. Frito-Lay,* 1997 SD 66 ¶ 6, 563 N.W.2d 869, 872 (quoting *Hendrix v. Graham Tire Co.,* 520 N.W.2d 876, 879 (S.D. 1994)).

## DECISION

[¶ 8.] The Board retains jurisdiction to revoke the suspended portion of a defendant's sentence for violation of the terms of the suspension.[2] The standard of proof required for a criminal conviction is not necessary to revoke a suspended sentence. *State v. Tuttle,* 460 N.W.2d 157, 160 (S.D.1990). Before the Board may revoke the suspended portion of a sentence, it must be "reasonably satisfied" that the terms of the suspension have not been followed. *Id.* (citing *State v. Olson,* 305 N.W.2d 852, 853 (S.D.1981)). So long as there is adequate evidence to support that minimal level of scrutiny, the Board has not abused its discretion in revoking the suspended sentence and its decision should be upheld.

[¶ 9.] The circuit court concluded that because Brown was participating in the S.T.O.P. program by the time of the Board hearing, the Board abused its discretion in revoking Brown's suspended sentence. In reaching this conclusion, we believe the circuit court focused its analysis on the wrong period of time.

[¶ 10.] The revocation process started on September 15, 1995 with the filing of a violation report. A violation report is similar to a pleading. The purpose of a pleading is to frame the issues upon which the case is to be tried and to advise the opposing party of what he is called upon to meet. *Gross v. Gross,* 355 N.W.2d 4, 8 (S.D.1984) (citing *Bristow v. Western Surety Co.,* 76 S.D. 362, 78 N.W.2d 734, 736 (1956)). The pleading also serves to define the approximate time frame in which the complained of conduct, or lack of conduct, took place.

[¶ 11.] The proper inquiry for the Board was whether Brown was in compliance with the conditions of his suspended sentence when the violation report was filed on September 15, 1995. Brown's conduct after September 15, 1995 was not relevant in deciding whether a violation had occurred.[3] Accordingly, the fact that Brown had entered the S.T.O.P. program by the time of the hearing before the Board did not, by itself, make the Board's revocation of Brown's suspended sentence an abuse of discretion. The circuit court was in error to conclude otherwise.

[¶ 12.] Was the decision by the Board to revoke Brown's suspended sentence clearly erroneous or an abuse of discretion? It is undisputed that at the time of the violation report, Brown had not participated in the S.T.O.P. program. What is in dispute is the

---

2. SDCL 23A–27–19 states, in pertinent part:

Any person whose sentence is suspended pursuant to this section is under the supervision of the board of pardons and paroles, except as provided in § 23A–27–18.2. The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of the suspension.

3. Brown's participation in the S.T.O.P. program, however, is a fact the Board is free to consider in making its determination of what should happen to Brown should he be found to be in violation of the suspended sentence.

reason for Brown's failure to participate. Was Brown being truthful or not when he claimed he lacked any memory of the sexual contact offense? [4]

[¶ 13.] A review of the Board's findings of fact indicate that no specific finding was made concerning Brown's truthfulness on this issue.[5] Based on the Board's findings of fact and its decision to revoke Brown's suspended sentence, we could infer that the Board did not believe Brown. We decline to make this inference. We believe a specific finding of fact should have been made by the Board on this question. Absent this finding, we are unable to determine whether the Board's decision was clearly erroneous or an abuse of discretion.

[¶ 14.] A decision of the Board must be supported by adequate findings of fact and conclusions of law. SDCL 1-26-25. As we have noted in the past, "[t]o permit the [agency] to announce its decisions without setting forth the justifications in the findings and conclusions would be tantamount to vesting in it absolute discretion by removing from the courts the only tools they possess which enable them to exercise their limited function of review." *Matter of Johnson*, 337 N.W.2d 442, 445 (S.D.1983) (quoting *International U., United Auto., & A.I. Wkrs. v.*

*NLRB*, 455 F.2d 1357, 1369–70 (D.C.Cir. 1971)).

[¶ 15.] If an agency fails to make adequate findings of fact, "[W]e have no basis upon which to conduct our review.... We must remand on this issue for entry of appropriate findings, based on the record before the Board at the hearing." *Matter of SDDS, Inc.*, 472 N.W.2d 502, 513 (SD 1991). See also SDCL 1-26-36; *Meade Educ. Ass'n v. Meade School District 46-1*, 399 N.W.2d 885, 889 (S.D.1987).

[¶ 16.] Absent a specific finding as to the truthfulness of Brown's claimed lack of memory, it must be remanded to the Board for entry of appropriate findings based on the record before the Board at the time of the hearing.

[¶ 17.] Finally we note that the sentencing judge, as a condition of Brown's suspended sentence, required Brown to "participate in all sex offender programs." However, Brown was not required to participate in or complete all the sex offender programs by any specified date. On remand, the Board should also enter its findings and conclusions as to why by September 15, 1995, as opposed to some other date, Brown was in violation of the requirement that he "participate in all sex offender programs." [6]

---

4. There is evidence on both sides of this issue. Although Brown admitted that a factual basis existed for his plea, the appellate record does not indicate whether it was Brown or the state's attorney who gave the factual basis. The appellate record is equally bare with respect to the content of the factual basis.

5. The Board entered the following pertinent findings of fact:

III.
During Mr. Brown's stay in the South Dakota State Penitentiary, he has only recently begun to participate in the S.T.O.P. Sex Offender Program.
IV.
Because Mr. Brown maintains that he could not remember the facts of the incident which led to his criminal conviction for sexual contact with a minor, the S.T.O.P. program did not allow him to become a participant.
V.
At the time of Mr. Brown's conviction, Mr. Brown was represented by counsel and entered a plea of guilty before the Court and

further, admitted that a factual basis existed for the plea.
VI.
That Mr. Brown's claim of lack of memory as a reason for denying the offense, made him ineligible to participate in the sex offender program at the South Dakota State Penitentiary and, accordingly, said inmate did not participate in all sex offender programs at the South Dakota State Penitentiary as required in the Judgment of Conviction.

6. Perhaps Brown's suspended sentence was prematurely revoked if, as of September 15, 1995, Brown could still have reasonably "participated" in the S.T.O.P. program before he was due to be released from the penitentiary. Or perhaps by September, 1995, Brown could not complete the S.T.O.P. program before his scheduled release. Or perhaps three and a half years was a reasonable time for Brown to participate in all sex offender programs offered at the penitentiary irregardless of the time Brown had left to serve. In any event, the Board must address this question with appropriate findings and conclusions.

[¶ 18.] The decision of the circuit court is reversed with directions that it be remanded to the Board for further proceedings consistent with this decision.

[¶ 19.] MILLER, C.J., and GILBERTSON, J., concur.

[¶ 20.] SABERS and AMUNDSON, JJ., dissent.

[¶ 21.] LOVRIEN, Circuit Judge, for KONENKAMP, J., disqualified.

SABERS, Justice (dissenting).

[¶ 22.] I dissent. We do not need to remand to conclude that the circuit court correctly reversed the Board. In fact, it would be error to do so. The Board failed to make a finding of fact that Brown did not comply with the conditions of the suspended sentence requiring sex offender participation. Therefore, Board's revocation of his suspended sentence was an abuse of discretion and an error as a matter of law. See, e.g., *Schroeder v. Department of Soc. Servs.*, 1996 SD 34, ¶ 12, 545 N.W.2d 223, 229:

> Findings of fact must support conclusions of law. The Commission's decision to reinstate Schroeder was not supported by its own factual findings, an error as a matter of law. We thus affirm the circuit court's decision to reverse.

(citing *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292, 297 (S.D.1982) ("A well-established rule is that the findings of fact must support the conclusions of law.") (agreeing with the circuit court's reversal of Career Service Commission's factually unsupported legal conclusion)); see also *Baldwin v. National College*, 537 N.W.2d 14, 19 (S.D.1995) ("This court has consistently held that the conclusions of law ... must find support in the findings."); accord *State v. New*, 536 N.W.2d 714, 716 n. 1 (S.D.1995); *First Dakota Nat'l Bank v. Maxon*, 534 N.W.2d 37, 40 (S.D.1995).

[¶ 23.] The conference opinion incorrectly attempts to fill in the blank for the Board regarding what its finding of fact must state in order for its decision to be upheld. It is too late. Allowing Board to rewrite its findings of fact to support its conclusion would render our well-established standard of review meaningless.

[¶ 24.] AMUNDSON, J., joins this dissent.