ZINTER, Justice
(dissenting).
[¶ 37.] There is no dispute regarding the factual basis or the motivation for Aria Johnson’s suit. Aria was the only witness on the matter. She candidly admitted that she did not sue Claude because she had relied on any promise or statement Claude made that induced her to gift the land. She testified that she made the decision to gift the land on her own, without any input from Claude, and with the assistance of her own attorney. Aria also candidly admitted that her motivation for the suit was: her “mistake” in originally gifting the land; her daughter Linda’s pending divorce from Claude; and her desire to obtain the land for Linda and the grandchildren. The facts of this case reflect that Aria never possessed any factual basis to support any argument establishing fraud. Further, not one of Aria’s stated purposes for suing Claude related to alleged fraud. Therefore, although I agree that every case dismissed for inadequate evidence or lack of legal support is not subject to SDCL 15-17-51, the circuit court abused its discretion in determining that Aria’s suit was not frivolous and not brought for improper purposes.
[¶ 38.] Prior to 1997, attorney’s fees were awardable as a matter of discretion under SDCL 15-17-51. At that time, the statute provided that a circuit court “may” award attorney’s fees if a suit was frivolous or brought for malicious purposes. Id. (1996). In 1997,- a bill was passed “to require the mandatory payment of costs and attorney’s fees in frivolous or malicious actions.” See Senate Bill 178, adopted as 1997 S.D. Sess. Laws ch. 113, § 1. Under the new Act, the Legislature directed that attorney’s fees “shall” be awarded if a suit is frivolous or brought for malicious purposes. Id. Consequently, if an action is frivolous or malicious, attorney’s fees are now mandated. Gronau v. Wuebker, 2003 S.D. 116, ¶ 6, 670 N.W.2d 380, 382. Although the majority’s authority for discretionary review is based on the prior discretionary statute,[5] we need not *814 determine whether the mandatory language of the hew statute requires a different standard of review in this case.[6] As explained below, this case should be reversed even under the abuse of discretion standard of review.
[¶39.] The definitions of frivolous and malicious are settled in this jurisdiction. In our last case on the matter, we noted that a “frivolous action exists when the proponent can present no rational argument based on the evidence or law in support of the claim. To fall to the level of frivolousness there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling.” Citibank (S.D.), N.A. v. Hauff, 2003 S.D. 99, ¶ 31, 668 N.W.2d 528, 537 (citations and internal quotation marks omitted). The special concurrence agrees, noting that the dictionary definition of frivolous suits includes those “having no basis in law or fact.” See special concurrence ¶ 24. “A malicious action is one brought for an improper, unjustifiable motive.” Citibank, 2003 S.D. 99, ¶ 32, 668 N.W.2d at 537. “Malice exists when the proceedings are instituted primarily for an improper purpose. An improper purpose [includes] situations where ... [the] primary motive was hostility or ill will, or where [the] sole purpose was to deprive the defendant of a beneficial use of his property....” Id. (internal quotation marks omitted).
[¶ 40.] In this case, Aria’s suit was both frivolous and brought for improper purposes. Aria’s April 2010 suit alleged that Claude had fraudulently induced her into transferring the property in January 2008. The elements of fraud require:
[T]hat a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.
N. Am. Truck & Trailer, Inc. v. M.C.I. Commc’n Servs., Inc., 2008 S.D. 45, ¶ 8, 751 N.W.2d 710, 713 (alteration in original). Accordingly, Aria specifically pleaded that she transferred the property “in reliance” on a number of “promises, statements, and understandings” that Claude had given her. She pleaded that she relied on “promises and statements” that Claude would “continue to farm the land,” he would “raise his family there,” and he *815 would “continue to be a husband to [his wife].” Aria finally pleaded that Claude “had no intention of keeping” his promises.
[¶ 41.] But when Aria was deposed, it became evident that she never possessed, and never anticipated that she would develop, any factual basis to support any of these allegations. Aria admitted that she had not relied on any promises, statements, or understandings in gifting the land to Linda and Claude. Aria testified that she made the decision on her own in late 2007 and considered the transfer to be an unconditional gift. She explained that at the time of the transfer, she felt that Linda and Claude had worked hard enough and paid enough over the years “to qualify them to obtain ownership” of the land. She was even aware of Linda and Claude’s marriage problems at that time, but she “thought maybe then things would straighten out.... ” She also admitted that she had consulted with her personal attorney before making the gift, and she had gifted the property without any input or knowledge of Claude or Linda. Aria conceded that there had never been any discussions about the land transfer with Claude or Linda until after she had already filed the deeds. Therefore, the circuit court specifically found — a finding that is not contested by Aria or the majority— “that there were no conversations between [Arla] and [Claude] in which [Claude] induced her to deed her farmland to [Claude] and [Linda].”
[¶42.] Under these undisputed facts, Aria’s suit was frivolous as a matter of law. Aria could not identify any rational argument to support her pleaded claim that she had relied on fraudulent promises, statements, and understandings to induce her to gift the land to her daughter and son-in-law. As the majority recognizes, “[i]t is ... necessary that the fraudulent behavior induced the other party to act to its detriment.” Fenske Media Corp. v. Banta Corp., 2004 S.D. 23, ¶ 12, 676 N.W.2d 390, 394 (citing Cleveland v. BDL Enters., Inc., 2003 S.D. 54, ¶ 26, 663 N.W.2d 212, 220); supra ¶ 13.
[¶43.] The majority relies on Aria’s subjective expectations that induced her to gift the land. The majority reasons: “[Aria] specifically testified that when she signed the deeds, she ‘figured [she] was giving the land to Linda and the kids’ and Claude was ‘just kind of the caretaker ... there to kind of do the work and be a support to them.’ ” Supra ¶ 11 (emphasis added). But this expectation was not reasonable. And even if it were, it is well established that Aria’s “subjective expectation[s] ... cannot rise to the level of fraudulent inducement.” See Schwaiger v. Mitchell Radiology Assocs., P.C., 2002 S.D. 97, ¶ 15, 652 N.W.2d 372, 379.
[¶ 44.] The majority also reasons that a reasonable person could have expected a favorable judicial ruling on Aria’s claim for fraud because “Aria testified to wanting to keep the land in the family, ... but soon after the land was deeded, problems in the marriage led Linda to file for divorce.” Supra ¶ 15 (emphasis added). This reasoning highlights the majority’s error. Aria’s wish to keep the land in the family when family problems developed after the gift cannot be the factual basis for a claim for fraud in the inducement: Aria admitted that there had been no conversations to induce Aria to gift the land in the first place.
[¶ 45.] The majority’s reliance on Aria’s other family concerns is also misplaced. Although Aria’s “thoughts” about her grandchildren, the divorce, and Claude’s ability as a farmer “could be those of a reasonable” grandmother, see supra ¶ 15, no reasonable person could have believed that such thoughts supported a claim of fraud. Aria’s suit was frivolous because *816 she could “present no rational argument based on the evidence or law in support of [her] claim” that she was fraudulently induced to gift the land when she made the decision. See Citibank, 2008 S.D. 99, ¶ 31, 668 N.W.2d at 537.
[¶ 46.] Aria’s claim was malicious because she conceded that her motives and purpose for her lawsuit had nothing to do with her pleaded contention that the gift was induced by fraud. Aria testified she brought the suit because in December 2009, she learned that Linda and Claude were divorcing, and she then believed that she had made a “mistake” in originally gifting the property. She indicated that she “regret[ed] that [she] had ever done this” because of “how Linda and the kids were treated afterwards.” Thus, Aria repeatedly testified that she should not have gifted the property to Claude and Linda in the first place. She indicated it was “stupid” and a “mistake.” She admitted that even prior to the gift, she knew “things were going downhill” and “should have realized” things in the family were not going the way she had hoped. The majority concedes that these were reasons for the lawsuit. See supra ¶ 15; special concurrence ¶ 31. But these reasons are all predicated on mistake, and Aria did not sue or argue for rescission based on mistake. She sued for fraud. Obviously, the desire to correct a mistake is not a proper purpose to sue another for fraud.
[¶ 47.] Furthermore, contrary to the majority’s argument, Aria admitted that the April 2010 suit was motivated by hostility towards Claude and her desire to obtain his land for her daughter and grandchildren. Aida repeatedly referenced the divorce and related hostility, stating that she sued because “if you [ (Claude) ] don’t care anymore for [Linda], then you don’t care for this ground.” The majority agrees that Aria brought the suit because Linda and Claude were divorcing and Aria wanted the land to stay in the family. Supra ¶¶ 3-4, 15. We should reverse the circuit court. “Hostility” and “depriv[ing] [a] defendant of a beneficial use of his property” are “unjustifiable” motives establishing malice as a matter of law. Citibank, 2003 S.D. 99, ¶ 32, 668 N.W.2d at 537.
[1Í48.] The uncontested facts also establish improper motives because Aria conceded she brought the suit for other reasons wholly unrelated to her pleaded claim of fraud. Aria testified that she sued because she believed that Claude had let the farm become run-down, she believed Claude had not “shared” with her daughter, Aria believed Claude was bribing the grandchildren to stay with him and kept it a secret where they were living, and Claude had not encouraged the grandchildren to see Arla more often. Aria repeatedly conceded that there was no other reason why she was suing Claude for fraudulent inducement. But not one of these reasons — especially the majority’s reliance on Aria’s “feelings of disappointment and dissatisfaction towards Claude as a farmer and as a husband and father,” supra ¶ 11 — are a proper purpose for suing another for fraud.
[¶ 49.] The majority reasons that the suit was filed for proper purposes because the “motivation for filing suit was to keep the land in the family.” Supra ¶ 11. According to the majority, this motivation is a proper purpose to sue someone for fraud because the Legislature recognizes the value of family farming.
We note that the Legislature has recognized the value of retaining farmland in a family farm setting. See SDCL 47-9A-1. “The Legislature of the State of South Dakota recognizes the importance *817 of the family farm to the economic and moral stability of the state....” [M]
Id. n. 2. But the question in this case is a factual matter whether Aria ever possessed any basis for claiming that she had been defrauded at the time she gifted the land. The Legislature’s view of the value of family farming in South Dakota is irrelevant to that question of fact. I would not let feelings regarding family farming color the outcome of an individual case involving a factual claim of fraud.
[¶ 50.] The circuit court should be reversed even under the abuse of discretion standard of review. The circuit court found no malice without considering Aria’s motives for bringing the suit. The court reasoned that there was no malice solely because Aria was “attempt[ing] to recover title to a sizable amount of real estate.” The circuit court erred in focusing only on “what” Aria was attempting to do. The circuit court failed to assess the relevant evidence; i.e. Aria’s motives for attempting to recover the real estate. A trial court abuses its discretion when it bases its decision on a clearly erroneous “assessment of the evidence” in a request for sanctions. Cooter, 496 U.S. at 405, 110 S.Ct. at 2461. Further, because Aria did not argue that any of her motives or purposes were related to fraud, the circuit court’s decision was “against reason and evidence,” constituting an abuse of discretion. See supra ¶ 11; Gross v. Gross, 355 N.W.2d 4, 7 (S.D.1984).
[¶ 51.] With respect to frivolousness, the circuit court reasoned that Aria gave honest testimony at her deposition and she “may have thought that she had a justifiable claim.” But Aria did not claim that she honestly believed a state of facts that ultimately proved untrue in discovery. Therefore, Aria’s honesty and candor in discovery were irrelevant to the question whether, at the time the suit was filed, her suit was frivolous. Further, as the majority and special concurrence correctly note, in this case the test for frivolousness is an objective one measured by what a reasonable person would have believed. See supra ¶,12 (quoting Citibank, 2003 S.D. 99, ¶ 31, 668 N.W.2d at 537 (stating “there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling”)); special concurrence ¶ 34 (objective reasonableness should be examined at the time the questionable pleading was submitted). The circuit court’s reliance on Aria’s subjective beliefs and honesty in discovery was erroneous as a matter of law. An error of law constitutes an abuse of discretion. Credit Collection Servs., Inc. v. Pesicka, 2006 S.D. 81, ¶ 5, 721 N.W.2d 474, 476; Cooter, 496 U.S. at 405, 110 S.Ct. at 2461 (“A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.”).
[¶ 52.] This is not a case involving hindsight review of frivolousness and maliciousness following unexpected turns in the course of Aria’s lawsuit. Aria did not argue that she had a good faith, anticipated factual claim that proved unsuccessful in the course of discovery. She was also unable to make any good faith argument on the merits, and she made no argument for an extension or reversal of existing law. Further, although this case does not raise any question concerning trial counsel’s conduct, the case does not involve ingenuity in advocacy or an attempt to develop the law. This is a case where “the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether ... the rule of law as applied to the established facts is or is not [favorably satisfied].” See In re Dorsey & Whitney *818 Trust Co., 2001 S.D. 35, ¶¶5-6, 623 N.W.2d 468, 471. Because Aria’s undisputed testimony clearly reflects that at the time she filed her pleadings she possessed absolutely no factual basis for her claim of fraud, and because not one of Aria’s motives or purposes for suing related to fraud, I would reverse and remand for the award of a reasonable attorney’s fee.
[¶ 53.] WILBUR, Justice, joins this dissent.

. See supra ¶ 7 (quoting Stratmeyer v. Engberg, 2002 S.D. 91, ¶ 12, 649 N.W.2d 921, 925 (quoting Eccleston v. State Farm Mut. Auto. Ins. Co., 1998 S.D. 116, ¶20, 587 N.W.2d *814 580, 583 (citing Fullmer v. State Farm Ins. Co., 498 N.W.2d 357, 363 (S.D.1993)))).

. The special concurrence argues for an abuse of discretion standard based on Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Cooter applied a unitary abuse of discretion standard of review to appeals involving sanctions under former Federal Rule 11. Special concurrence ¶¶ 25-26. Even though former Rule 11 provided that the trial court ‘'shaU” award some sanction, the rule vested the trial court with discretion to determine the "appropriate” sanction. The rule specifically provided that the trial court "may” include an order to pay attorney’s fees. The rule provided in relevant part:
If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney’s fee. Cooter, 496 U.S. at 392, 110 S.Ct. at 2454 (emphasis added). Unlike SDCL 15-17-51, an award of attorney fees under this version of Rule 11 was discretionary. The Supreme Court specifically noted that the attorney’s fee "sanction may, but need not, include payment of the other parties' expenses.” Id. at 393, 110 S.Ct. at 2454.